IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WILDEARTH GUARDIANS
312 Montezuma Ave.
Santa Fe, NM 87501

    Plaintiff,

v.

GARY LOCKE, in his official capacity as
Secretary,
U.S. Department of Commerce
14th & Constitution Ave. N.W.
Washington, DC 20230

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     Plaintiff, WildEarth Guardians ("Guardians"), brings this action against Defendant, Gary Locke, in his official capacity as U.S. Secretary of Commerce ("Secretary") to require him to carry out his mandatory duty under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*, to develop and implement "recovery plans" for the Sperm whale, *Physeter macrocephalus*, Fin whale, *Balaenoptera physalus*, and Sei whale, *Balaenoptera borealis* (collectively "the Whales"). The Secretary's failure to develop and implement recovery plans for the Whales constitutes agency action unlawfully withheld or unreasonably delayed and/or arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

within the meaning of the Administrative Procedure Act ("APA"). 5 U.S.C. §§ 706(1) & 706(2)(A).

2. The ESA provides the Secretary "shall develop and implement plans [referred to as "recovery plans"] for the conservation and survival of endangered species and threatened species listed pursuant to [the ESA], unless he finds that such a plan will not promote the conservation of the species." 16 U.S.C. § 1533(f)(1). The Whales have been listed as endangered species under the ESA since the inception of the Act in 1973. During the more than 37 years the Whales have been on the endangered species list, the Secretary has neither developed and implemented recovery plans for the species, nor made findings that such plans would not promote the conservation of the species. Guardians challenges the Secretary's unreasonable and illegal delay in taking either of these statutorily required acts. This lawsuit seeks a declaratory judgment that the Secretary's continued inaction is illegal and an injunctive order requiring him to act in accordance with the law by the earliest possible date.

## JURISDICTION, NOTICE AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal question), 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief), 5 U.S.C. §§ 701-706 (APA), and 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision). As required by the ESA's citizen suit provision, 16 U.S.C. § 1540(g)(2)(C), Guardians has afforded the Secretary with more than 60-days written notice of the violations alleged in this Complaint and of Guardians' intention to sue to enforce the law. The Secretary has not remedied his violations of law by either developing and implementing recovery plans for the Whales or making findings that such plans would not promote the conservation of the

species. Accordingly, an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

4.      Venue properly lies in this judicial district pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e). The Secretary officially resides in this judicial district.

## PARTIES

5.      Plaintiff, WILDEARTH GUARDIANS, sues on behalf of itself and its adversely affected members. Guardians is a non-profit environmental organization. It has approximately 4,500 members. Guardians has an active endangered species protection program and has repeatedly sought full ESA protection for imperiled species. Guardians' members and staff use and enjoy, and will continue to use and enjoy, the Whales and their habitat for wildlife viewing and for recreational, aesthetic, spiritual and scientific activities. Guardians and its members are particularly concerned with the conservation of the Whales and the ecosystem on which they depend for their survival. Guardians and its members have a substantial interest in this matter, including in information that the Secretary must provide, and are adversely affected by the Secretary's failure to comply with the ESA in this case. The requested relief will redress the injuries of Guardians and its members.

6.      Defendant, GARY LOCKE, is the Secretary of the United States Department of Commerce. As such he is the federal official responsible for developing and implementing recovery plans for marine species, such as the Whales, listed pursuant to the ESA. He is sued in his official capacity.

## LEGAL BACKGROUND

7.      The purpose of the ESA is to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a

program for the conservation of such endangered species and threatened species ...." 16 U.S.C. § 1531(b). The ESA defines conservation as "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the ESA] are no longer necessary." 16 U.S.C. § 1532(3). Accordingly, the ultimate goal of the ESA is not only to temporarily save endangered and threatened species from extinction, but also to recover these species to the point where they are no longer in danger of extinction and no longer need ESA protection.

8. As part of its statutory scheme to conserve endangered and threatened species, the ESA provides the Secretary "shall develop and implement [recovery plans] for the conservation and survival of endangered species and threatened species listed pursuant to [the ESA], unless he finds that such a plan will not promote the conservation of the species." 16 U.S.C. § 1533(f)(1).

9. In developing and implementing recovery plans, the Secretary shall, to the maximum extent practicable, "give priority to those endangered species or threatened species, without regard to taxonomic classification, that are most likely to benefit from such plans, particularly those species that are, or may be, in conflict with construction or other development projects or other forms of economic activity." 16 U.S.C. § 1533(f)(1)(A).

10. In all such recovery plans, the Secretary shall, to the maximum extent practicable, incorporate in each plan:

(i) a description of such site-specific management actions as may be necessary to achieve the plan's goal for the conservation and survival of the species;

(ii) objective, measurable criteria which, when met, would result in a determination, in accordance with the provision of the Act, that the species be removed from the threatened or endangered species lists; and

(iii)   estimates of the time required and the cost to carry out those measures needed to achieve the plan's goal and to achieve intermediate steps toward that goal. 16 U.S.C. § 1533(f)(1)(B).

11.   The ESA further provides that in developing and implementing recovery plans the Secretary may procure the services of appropriate public and private agencies and institutions, and other qualified persons, 16 U.S.C. § 1533(f)(2), that the Secretary shall report to Congress every two years on the status of efforts to develop and implement recovery plans for all listed species and on the status of all species for which such plans have been developed, 16 U.S.C. § 1533(f)(3), that the Secretary shall provide for public notice of, and comment on, any new or revised recovery plan prior to its final approval and shall consider all information presented during the public comment period prior to final approval of the new or revised recovery plan, 16 U.S.C. § 1533(f)(4), and that each Federal agency, prior to implementation of a new or revised recovery plan, shall consider all information presented during the public comment period, 16 U.S.C. § 1533(f)(5).

12.   The Secretary has adopted a policy that he will develop a recovery plan in compliance with 16 U.S.C. § 1533(f) within two and one-half years of the final listing of a threatened or endangered species. See 59 Fed. Reg. 34272 (Endangered and Threatened Wildlife and Plants: Notice of Interagency Cooperative Policy on Recovery Plan Participation and Implementation under the Endangered Species Act).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

I.   **The Whales**

13.   The Whales are members of a group known as the "great whales." The great whales include all of the baleen whales (the Fin and Sei whales are baleen whales) and one

toothed whale, the Sperm whale. Humans have killed the great whales in commercial whaling operations for centuries, nearly driving many species to extinction. Though whaling is currently limited, it remains a potential threat to all of these species.

14.   The Fin and Sei whales are mostly solitary creatures. However, they may gather in small, transient groups on feeding grounds or in breeding and birthing areas.

15.   The Sperm whale has a complex social structure. Females live in large groups, raising their young communally and generally stay with the same unit all their lives. Males form "bachelor herds," migrating far greater distances than females and joining the nursery groups only during the mating season. As males get older and larger, they begin to migrate to higher latitudes (towards the poles) and slowly the bachelor schools become smaller, until the largest males often end up alone.

16.   The great whales give birth to one calf at a time, usually every other year. The Fin and Sei whales' gestation period is between 11-13 months. The Sperm whale's is between 14-16 months.

17.   Fin whales are found in deep, offshore waters of all major oceans, primarily in temperate to polar latitudes, and less commonly in the tropics. They occur year-round in a wide range of latitudes and longitudes, including the territorial waters of the United States. The density of Fin whales in any one area changes seasonally. The Fin whale's current worldwide population is largely unknown due to the fact that large portions of the North Pacific Ocean and the Southern Oceans have not been surveyed.

18.   Sei whales prefer subtropical to subpolar waters on the continental shelf edge and slope worldwide, including the territorial waters of the United States. Sei whales are usually

observed in deeper waters of oceanic areas far from the coastline. Scientists estimate that the current worldwide population of Sei whales is approximately 80,000.

19.     Sperm whales inhabit all oceans of the world, including the territorial waters of the United States. Sperm whales can be seen close to the edge of pack ice in both hemispheres, but are also commonly seen along the equator, especially in the Pacific. Currently, there is no good estimate of the total worldwide Sperm whale population, with figures ranging from 200,000 to 1,500,000 individuals. These estimates are based on extrapolations from only a few areas and may be largely inaccurate.

20.     Current potential threats to the Whales are collisions with vessels, entanglement in fishing gear, reduced prey abundance due to overfishing, habitat degradation, disturbance from low-frequency noise, illegal whaling, whaling by some nations for allegedly scientific purposes, or the resumption of commercial whaling. Pollution in the ocean environment, by heavy metals, organochlorines, and plastic may also affect the health or behavior of the Whales and threaten their continued existence.

## II.    The Secretary's Actions

21.     The Secretary has listed the Sperm, Fin and Sei whales as endangered species since the inception of the ESA in 1973. During the more than 37 years the Whales have been on the endangered species list the Secretary has never developed or implemented a final recovery plan for these species. The Secretary did prepare a draft recovery plan for the Fin and Sei whales in 2000 and a draft recovery plan for the Fin and Sperm whales in 2006, but the Secretary has never finalized any of these draft recovery plans. Additionally, during the 37 years the Whales have been on the endangered species list the Secretary has never made any finding that the development and implementation of recovery plans would not further the conservation of these

species. Indeed, such a finding would be entirely inconsistent with the Secretary's preparation of the unfinished draft recovery plans for these species.

### III.  Guardians' Actions

22. In early 2009, Guardians reviewed the Secretary's list of final recovery plans to determine which marine species had waited the longest without the development of a final, or even draft, recovery plan by the Secretary. As a result of this review, Guardians sent the Secretary a formal written notice letter of its intention to sue to require the Secretary to develop recovery plans for the Sei, Bowhead, and Gray whales. Guardians letter, dated February 2, 2009, was received by the Secretary on February 20, 2009. On approximately, May 31, 2009, the Secretary responded to Guardians' initial notice letter in writing. The Secretary's response included findings dated May 31, 2009, that he had concluded the development of recovery plans for the Bowhead and Gray whales would not further the conservation of these species. Guardians does not challenge these determinations by the Secretary through this action. As to the Sei Whale, the Secretary indicated that he had developed a draft recovery plan for the Sei and Fin whales in 2000. The Secretary further indicated that he intended to hold a workshop in May 2009 to finalize a draft recovery plan for the Fin and Sperm whales published in 2006. The Secretary said that the draft recovery plan for the Fin and Sperm whales would be finalized in 2009 and that subsequently the Secretary would finalize a recovery plan for the Sei whale in 2011.

23. As a result of the Secretary's response to its initial notice letter, Guardians sent the Secretary a second notice letter dated April 21, 2009, indicating its intention to sue to force the Secretary to develop and implement a final recovery plan for the Sperm and Fin whales. The

Secretary received this second notice letter on April 27, 2009. The Secretary responded by letter dated May 8, 2009. Again, the Secretary indicated that he was holding a workshop, later in May 2009, to finalize recovery plans for the Sperm and Fin whales and further indicated that he would issue final recovery plans for these species by late summer or, at the latest, by early fall 2009. Early fall 2009 came and went but the Secretary has still not issued a final recovery plan for the Sperm, Fin or Sei whales. Accordingly, Guardians has elected to file the present action.

### FIRST CLAIM FOR RELIEF: Violation of the ESA

24. All proceeding allegations in this Complaint are incorporated herein by reference.

25. The Secretary has violated his mandatory, non-discretionary duty found in Section 4(f) of the ESA, 16 U.S.C. § 1533(f), to either develop and implement recovery plans for the Sperm, Fin, and Sei whales or to make a finding that such plans will not promote the conservation of these species. This violation of law is actionable under the ESA's citizen-suit provision. 16 U.S.C. § 1540(g)(1)(C). The APA provides the standard of review. 5 U.S.C. §§ 706(1) & 706(2)(A). The Secretary's refusal to fulfill his mandatory duty constitutes unlawfully withheld or unreasonably delayed agency action and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Id.

### SECOND CLAIM FOR RELIEF: Violation of APA

27. All proceeding allegations in this Complaint are incorporated herein by reference.

28. The Secretary has unlawfully withheld or unreasonably delayed his compliance with Section 4(f) of the ESA, 16 U.S.C. § 1533(f), with respect to the Sperm, Fin and Sei whales for more than 37 years in violation of the APA. 5 U.S.C. § 706(1).

### REQUEST FOR RELIEF

WHEREFORE, Guardians requests that this Court enter judgment providing the following relief:

9

A. A declaratory judgment that the Secretary has violated his mandatory duty found in Section 4(f) of the ESA with respect to the Sperm, Fin, and Sei whales;

B. A declaratory judgment that the Secretary has unlawfully withheld or unreasonable delayed compliance with Section 4(f) of the ESA with respect to the Sperm, Fin, and Sei whales in violation of the APA;

C. An injunctive order requiring the Secretary to comply with Section 4(f) of the ESA with respect to the Sperm, Fin, and Sei whales by a reasonable date certain;

D. An order awarding Guardians its costs of litigation, including reasonable attorney's fees, as provided by the ESA or Equal Access to Justice Act, 28 U.S.C. § 2412; and

E. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of February, 2010.

/s/ Robert Ukeiley
Robert Ukeiley
D.D.C. # MD14062
Law Office of Robert Ukeiley
435 R Chestnut Street, Suite 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
E-mail: rukeiley@igc.org

*Counsel for WildEarth Guardians*